# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELBERTO N.[1], <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 2:18-cv-03205-AFM <br><br> **MEMORANDUM AND ORDER REVERSING AND REMANDING DECISION OF THE COMMISSIONER FOR FURTHER ADMINSTRATIVE PROCEEDINGS** |

## BACKGROUND

On July 27, 2012, Plaintiff applied for supplemental security income. (AR 236-42.) The Social Security Administration denied the claim initially. (AR 123-27.) On February 13, 2014, an Administrative Law Judge (ALJ) held a hearing (AR 45-75), and on February 25, 2014, the ALJ issued a partially favorable decision finding Plaintiff disabled beginning August 20, 2013 – but not prior thereto. (AR 101-07.) Following a request for review by Plaintiff, the Appeals Council remanded

---

[1] Plaintiff's name has been partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

the case for further proceedings. (AR 112-16.) On remand, the ALJ held a hearing on June 7, 2016. (AR 76-82.) On March 2, 2017, the ALJ issued a decision finding that Plaintiff was not disabled from July 27, 2012 through August 19, 2013. (AR 19-28.) On March 20, 2018, the Appeals Council denied a request for review filed by Plaintiff (AR 1-6), and on April 17, 2018, Plaintiff filed the present action. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision final for judicial review. (AR 1-6.) Plaintiff then filed this action pursuant to 42 U.S.C. § 405(g). Plaintiff filed a memorandum in support of his complaint (ECF No. 19), and the Commissioner then filed a "memorandum in support of remand for further proceedings." (ECF No. 21.) Plaintiff's reply opposes remand for further administrative proceedings and instead seeks a remand for an immediate award of benefits. For the reasons stated below, the Court remands for further administrative proceedings.

## DISCUSSION

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995), *as amended* April 9, 1996. In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied. *Id*. If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting his ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied. *Id*. If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R. part 404, subpart P, appendix 1; if so, disability is conclusively presumed and benefits are awarded. *Id*. If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform his past work; if so, the claimant is not disabled and the claim is denied. *Id*. The claimant has the burden of proving that he is unable to perform past relevant work. *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). If the claimant meets this burden, a *prima facie* case of disability is established. *Id*. The Commissioner then bears the burden of establishing that the claimant is not disabled, because he can perform other substantial gainful work available in the national economy. *Id*. he determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; *Lester*, 81 F.3d at 828 n.5; *Drouin*, 966 F.2d at 1257.

Ninth Circuit case law "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*,

808 F.3d 403, 407 (9th Cir. 2016) (citations omitted). "The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence. . . . If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Dominguez*, 808 F.3d at 407 (citation and internal quotation marks omitted). Even then, the Court has discretion to decide to remand for a direct award of benefits – which is a "rare and prophylactic exception to the ordinary remand rule when there is no question that a finding of disability would be required if claimant's testimony were accepted as true." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2018). As the Ninth Circuit has explained, a remand for direct payment of benefits "is a rare exception . . . intended to deter ALJs from providing boilerplate rejections without analysis." *Id.*

Here, the first part of the remand-for-benefits test has been met because the Commissioner concedes that the ALJ erred in his evaluation of Plaintiff's severe impairments and the medical opinion evidence. (ECF No. 21 at 3.) In light of this error, the Commissioner urges that the case should be remanded for further administrative proceedings, but Plaintiff contends that the record is fully developed. He seeks an order remanding the case for an immediate award of benefits.

Moving to the second part of the test, the Court finds that the record in this case is not free from conflicts and that further administrative proceedings would be useful. In other words, it is not clear from the record, taken as a whole, "'that the ALJ would be required to find [the claimant] disabled.'" *Treichler*, 775 F.3d at 1106, quoting *Harman v. Appel*, 211 F.3d 1172, 1179 (9th Cir. 2000). While the ALJ failed to properly evaluate the medical opinion evidence (including failing to provide legally adequate reasons for discounting certain opinions) and erred at step two in his assessment of the severity of Plaintiff's mental impairment, the medical opinion evidence includes conflicts and lack of clarity in certain aspects.

For instance, as the ALJ noted, there is minimal or no evidence of Plaintiff receiving outpatient services, counseling, therapy, or other mental health services, other than a 72-hour hold in the summer of 2012 and depression medication prescribed by his primary physician. (AR 25.) At the end of the hold period, it was reported that Plaintiff did not require acute inpatient psychiatric treatment, and he was discharged "with recommendations to continue outpatient followup treatment" − which apparently Plaintiff never sought. (AR 449.) In addition, records from the hold in 2012 note that it was "unclear if [Plaintiff's] hallucinations are true hallucinations." (*Id.*) The interrogatory answer provided by Dr. Benedek also point to Plaintiff's failure to seek additional treatment and characterize this as evidence of "malingering." (AR 522.) Dr. Benedek further opined that Plaintiff's mental health impairments imposed only "mild" functional limitations as to, inter alia, the "ability to do complex work," "responding to usual work situations," "ability to withstand stress in the workplace," and "other mental-related limitations or restrictions." (AR 522.) In contrast, the interrogatory answer provided by Dr. Patrick-MacKinnon (no relation to the undersigned) evaluated Plaintiff as being "moderately" or even "severely" impaired for some of the same functions. (AR 527.) In addition, as the ALJ identified, the psychiatric evaluation performed by Dr. Ijeaku included inconsistencies: "While the claimant reported auditory and visual hallucinations, the mental status examination was essentially unremarkable with a 'good' mood, appropriate affect, goal-directed thought process, no suicidal or homicidal ideation, plan or intent and fair insight, memory, concentration, and performance on abstractions." (AR 23, citing AR 474-75). Despite these generally benign observations, Dr. Ijeaku opined that Plaintiff was moderately impaired in performing complex mental tasks and maintaining concentration. (AR 23, citing AR 475.)

Further, although re-evaluation of the medical evidence could well lead to revision of the step two determination regarding severe impairments (in particular,

whether Plaintiff's mental impairments were severe), the ALJ would still need to apply the re-assessed medical evidence in the remaining steps of the sequential evaluation before reaching a determination on the disability question. In this regard, as part of the RFC assessment in his March 2017 decision, the ALJ found that Plaintiff's subjective symptoms were only partially credible, a finding not challenged by Plaintiff on appeal. And as stated by the ALJ, neither of the interrogatory answers (from Drs. Benedek and Patrick-MacKinnon) went through the specifics of the listings in order to support their conclusions that Plaintiff's mental impairments met Listing 12.04 or 12.03. (AR 24; *see also* AR 520, 525.)

For these reasons, this is not a case where the record as whole leaves not the slightest uncertainty as of the outcome of further proceedings. *See Treichler*, 775 F.3d at 1101 (in determining whether to remand for payment of benefits, a court must "determine whether the record taken as a whole, leaves 'not the slightest uncertainty as to the outcome of the proceeding'"). Rather, the issues concerning Plaintiff's alleged disability "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *See Brown-Hunter v. Colvin*, 806 F.3d 487, 496 (9th Cir. 2015); *see also Thresher v. Astrue*, 283 F. App'x 473, 475 (9th Cir. 2008) (remanding case when it was unclear whether ALJ "came to grips" with specific requirements of Listing 12.05C); *Kee v. Berryhill*, 2018 WL 1640063, at *5 (N.D. Cal. Apr. 5, 2018) ("given the ALJ's inconsistent findings as to the severity of Kee's other impairments and her failure to address the conflicting evidence pertaining to the onset of Kee's mental retardation …, the Court cannot say further administrative proceedings would serve no useful purpose").

Finally, even if the requirements for a remand for benefits were met, it is not apparent that the Court's discretion should be so exercised in this case. The Ninth Circuit has stated that such a remand, when justified, is a prophylactic remedy to discourage ALJs from providing boilerplate decisions without real analysis. *See*

*Leon*, 880 F.3d at 1045. Here, a need for a prophylactic remedy is not present, where the ALJ's decision discussed the evidence (including the medical opinions) in some detail and did not rely merely on boilerplate language.

Accordingly, the appropriate remedy here is a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).[2]

************

IT IS THEREFORE ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this opinion.

DATED: 12/18/2018

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

---

[2] It is not the Court's intent to limit the scope of the remand.